UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JENNIFER LUNDGREN,                                   :

                  Plaintiff,                    :

     -against-                                              :

SEAN G. JULIUS and SHARON L. DAVIS,     :

               Defendants.                  :

-----------------------------------------------------------x

**PLAINTIFF DEMANDS A JURY TRIAL**

07 Civ. 4534

**COMPLAINT**

      JENNIFER LUNDGREN, by her attorneys, Baker, Leshko, Saline & Blosser, LLP, complaining of the above-mentioned defendants, alleges as follows:

### Parties

1. Plaintiff Jennifer Lundgren is a citizen and resident of the State of Connecticut and presently resides at 90 Bertolf Road, Riverside, Connecticut 06878.

2. At the time of the accident more fully described herein, Jennifer was twenty-four (24) years of age.

3. Defendant Sean G. Julius is, upon information and belief, a citizen and resident of the State of New York and presently resides at 48 Oak Street, Port Chester, New York 10573.

4. Defendant Sharon L. Davis is, upon information and belief, a citizen and resident of the State of New York and presently resides at 48 Oak Street, Port Chester, New York 10573.

5. Upon information Sharon and Sean are mother and son.

### Jurisdiction

6. The amount of controversy exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

7. This Court has jurisdiction over this matter based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

8. Venue of this matter is proper before this Court pursuant to 28 U.S.C. §1391(a).

### Background

9. At all times relevant herein, Sharon was the owner of a certain 1995 Acura automobile bearing New York State license plate number DGG 3068.

10. At all times relevant herein, Julius, her son, had permission to drive said automobile.

11. On June 28, 2005 at approximately 11:30 p.m., Julius took the subject automobile for a ride with the permission of his mother, Sharon.

12. In this ride, Julius was accompanied by two passengers, one Richard D. Davis and Jennifer.

13. While on Olivia Street in the Village of Port Chester, State of New York, Julius was driving said vehicle at a high rate of speed and in an otherwise negligent fashion.

14. While Julius was driving said automobile, he lost control of the vehicle, and the vehicle struck a utility pole.

15. Due to such accident, Jennifer was severely injured. These injuries included, but were not limited to, her left leg becoming dislocated from her hip bone.

16. The injuries that Jennifer has suffered due to such accident also include, but are not limited to, a permanent limp and pain and suffering.

17. Jennifer reasonably expects that she will require one or more surgeries to have her hip replaced.

18. Jennifer has suffered permanent injuries as that term is defined in the New York Insurance Law Section 5102.

## AS AND FOR A FIRST CLAIM FOR RELIEF

(Common Law Negligence)

19. Defendant Sean owed Jennifer a duty to drive in a reasonable safe and prudent manner.

20. Defendant Sean breached said duty to Jennifer by the manner in which he drove the subject vehicle.

21. Due to the breach of such duty and the negligence of Sean, Jennifer has been injured.

22. Sean is liable to Jennifer for his negligence.

## AS AND FOR A SECOND CLAIM FOR RELIEF

(Vicarious Liability)

23. Plaintiff realleges and repeats the allegations and statements contained in paragraphs "1" through "22" of this complaint as if more fully set forth herein.

24. At all times relevant herein, Sean was driving the subject vehicle with the permission of his mother, Sharon.

25. Sharon is liable for the negligence of Sean pursuant to New York Vehicle and Traffic Law and other applicable law.

26. Sharon is liable to Jennifer.

## AS AND FOR A THIRD CLAIM FOR RELIEF

(Negligent Entrustment)

27. Plaintiff repeats and realleges the allegations and statements contained in paragraphs "1" through "26" of this complaint as if more fully set forth herein.

28. Sharon entrusted and allowed her son Sean to drive the subject automobile during the evening of June 28, 2005.

29. Sharon was not prudent and otherwise negligent in allowing her son Sean to drive the automobile during the evening of June 28, 2005.

30. Sharon owed Jennifer a duty.

31. Sharon breached her duty to Jennifer.

32. The breach of such duty was the proximate causation of the injuries that Jennifer suffered.

33. Sharon is liable to Jennifer.

WHEREFORE, plaintiff demands judgment as follows:

1. On the first claim for relief, an amount to be determined by this Court, but in an amount in excess of the jurisdiction of all lower courts;

2. On the second claim for relief, an amount to be determined by this Court, but in an amount in excess of the jurisdiction of all lower courts;

3. On the third claim for relief, an amount to be determined by this Court, but in an amount in excess of the jurisdiction of all lower courts;

4. Costs and disbursements of this action; and

5. For such other, further and different relief this Court deems just.

Dated: White Plains, New York
       May 26, 2007

                    BAKER, LESHKO, SALINE & BLOSSER, LLP
                    *Attorneys for Plaintiff*

By: _____
      Mitchell J. Baker (MB-4339)
One North Lexington Avenue
White Plains, New York 10601
914.681.9500