UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JENNIFER LUNDGREN

                         Plaintiff                    07 CIV 4534

   against                                    ANSWER TO THE
                                             AMENDED COMPLAINT
                                             WITH CROSS CLAIM

SEAN G. JULIUS, SHARON L. DAVIS,       Defendants Demand
LICARE CORPORATION d/b/a VACCARO's    A Jury Trial
WINE & SPIRITS, and JOHN DOES 1-10

                        Defendants

-------------------------------------------------------X

     The defendants, SEAN G. JULIUS and SHARON L. DAVIS by their attorneys, LEAHEY & JOHNSON, P.C., answering the amended complaint of the plaintiff herein, upon information and belief, respectfully allege:

PARTIES

     <u>FIRST</u>:        Deny knowledge or information thereof sufficient to form a belief as to all the allegations contained in the paragraphs designated "1", "2", "6" and "7" of the plaintiff's complaint.

JURISDICTION

     <u>SECOND</u>:        Deny each and every allegation contained in the paragraph designated "8" of the plaintiff's complaint.

THIRD:	Deny each and every allegation contained in the paragraphs designated "9" and "10" and beg leave to refer all questions of law to the court at the time of trial.

## BACKGROUND

FOURTH:	Deny each and every allegation contained in the paragraphs designated "11", "15", "16", "17", "18" and "20" of the plaintiff's complaint.

FIFTH:	Deny knowledge or information thereof sufficient to form a belief as to all the allegations contained in the paragraphs designated "13" and "14" of the plaintiff's complaint.

SIXTH:	These answering defendants deny all allegations that plaintiff sustained injuries in the subject accident as pled in paragraph "19" of the plaintiff's complaint.

## AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

SEVENTH:	Deny each and every allegation contained in the paragraph designated "21" and beg leave to refer all questions of law to the court at the time of trial.

EIGHTH:	Deny each and every allegation contained in the paragraphs designated "22", "23" and "24" of the plaintiff's complaint.

## AS AND FOR AN ANSWER TO
## THE SECOND CAUSE OF ACTION

NINTH:	Defendants, SEAN G. JULIUS and SHARON L. DAVIS answering paragraph "25" repeat, reiterate and reallege each and every denial and admission concerning paragraphs "1" through "24", inclusive, of the plaintiff's complaint in the answer thereto with the same force and effect as though fully set forth at length.

TENTH:	Deny knowledge or information thereof sufficient to form a belief as to the allegation contained in the paragraph designated "26" of the plaintiff's complaint.

ELEVENTH:	Deny each and every allegation contained in the paragraphs designated "27" and "28" of the plaintiff's complaint.

## AS AND FOR AN ANSWER TO
## THE THIRD CAUSE OF ACTION

TWELFTH:	Defendants, SEAN G. JULIUS and SHARON L. DAVIS answering paragraph "29" repeat, reiterate and reallege each and every denial and admission concerning paragraphs "1" through "28", inclusive, of the plaintiff's complaint in the answer thereto with the same force and effect as though fully set forth at length.

THIRTEENTH:	Deny each and every allegation contained in the paragraph designated "30" and beg leave to refer all questions of law to the court at the time of trial.

FOURTEENTH: Deny each and every allegation contained in the paragraphs designated "31", "32", "33", "34" and "35" of the plaintiff's complaint.

### AS AND FOR AN ANSWER TO
### THE THIRD CAUSE OF ACTION

FIFTEENTH: Defendants, SEAN G. JULIUS and SHARON L. DAVIS answering paragraph "36" repeat, reiterate and reallege each and every denial and admission concerning paragraphs "1" through "35", inclusive, of the plaintiff's complaint in the answer thereto with the same force and effect as though fully set forth at length.

SIXTEENTH: Deny knowledge or information thereof sufficient to form a belief as to the allegation contained in the paragraph designated "37" of the plaintiff's complaint.

SEVENTEENTH: Deny each and every allegation contained in the paragraph designated "38" of the plaintiff's complaint.

EIGHTEENTH: Deny each and every allegation contained in the paragraphs designated "39" and "40" and beg leave to refer all questions of law to the court at the time of trial.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

NINETEENTH: In the event of a verdict or judgment Article 50-B of the CPLR applies.

AS AND FOR A SECOND AFFIRMATIVE DEFENSE

TWENTIETH: These answering defendants allege, upon information and belief, that whatever injury and damage were sustained by the plaintiff at the time and place alleged in the complaint were in whole or in part the result of the culpable conduct of the plaintiff, including assumption of risk.

AS AND FOR A THIRD AFFIRMATIVE DEFENSE

TWENTY-FIRST: In the event that a settlement occurs, all of the provisions of General Obligations Law 15-108 are applicable.

AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

TWENTY-SECOND: That the plaintiff did not use the seat belts therein provided and that the damage claimed to have been sustained were caused by the lack of use of the seat belts, and she did not avail herself of the protection device to mitigate the injury herein in accordance with the decision of SPIER V. BARKER, 35 N.Y.2d 444.

AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

TWENTY-THIRD: That the plaintiff by not fastening the available automobile seat belts acted unreasonably and disregarded her own best interest and, accordingly, contributed to the happening of this accident in accordance with the decision of SPIER V. BARKER, 35 N.Y.2d 444.

AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

TWENTY-FOURTH: That the plaintiff has failed to sustain serious injury pursuant to 5102(d) of the Insurance Law of the State of New York.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

TWENTY-FIFTH: The acts alleged were the acts of a person other than these answering defendants.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

TWENTY-SIXTH: The plaintiff failed to mitigate damages.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

TWENTY-SEVENTH: These answering defendants are entitled to a reduction in damages for any amounts plaintiff has received as collateral source payment as defined and applied by the Civil Practice Law and Rules.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

TWENTY-EIGHTH: These answering defendants' responsibility, if any, and which is expressly denied herein, is less than 50% of any responsibility attributable to any tortfeasor who is or may be responsible for the happening of the plaintiff's alleged accident, whether or not a party hereto, and as such, these parties are entitled to a limitation of damages as set forth in CPLR Article 16.

## AS AND FOR A CROSS CLAIM AGAINST LICARE CORPORATION d/b/a VACCARO'S WINE & SPIRITS, THE DEFENDANTS, SEAN G. JULIUS and SHARON L. DAVIS ALLEGE UPON INFORMATION AND BELIEF AS FOLLOWS

TWENTY-NINTH: That if the plaintiff, JENNIFER LUNDGREN sustained

the injuries and damages in the manner and at the time and place alleged and if it is found that these answering defendants, SEAN G. JULIUS and SHARON L. DAVIS liable to plaintiff herein, then said answering defendants, on the basis of apportionment of responsibility for the alleged occurrence, are entitled to contribution, apportionment, and/or indemnification from and judgment over against the aforementioned co-defendant, LICARE CORPORATION d/b/a VACCARO'S WINE & SPIRITS for all or part of any verdict or judgment that plaintiff may recover against said answering defendants.

WHEREFORE, defendants, SEAN G. JULIUS and SHARON L. DAVIS demand judgment dismissing the plaintiff's amended complaint against them together with the costs and disbursements of this action, and further demands that in the event said answering defendants are found liable to plaintiff herein, then said answering defendants on the basis of contribution, apportionment of responsibility and/or indemnification have judgment over against the aforementioned co-defendant, for all or part of any verdict or judgment that plaintiff may recover, together with the costs and disbursements of this action, and for any expenses incurred by it in the defense thereof, including attorneys' fees.

## ATTORNEY'S CERTIFICATION

The undersigned hereby certifies that, to the best of the undersigned's knowledge, information and belief, formed after a reasonable inquiry under the

circumstances, the presentation of the within Answer to the Amended Complaint with Cross Claim or the contentions contained herein is/are not frivolous as defined in 22 NYCRR §130-1.1(c).

Dated: New York, New York
      July 9, 2007

                      Yours, etc.,

                      LEAHEY & JOHNSON, P.C.
                      Attorneys for Defendants
                      SEAN G. JULIUS and
                      SHARON L. DAVIS
                      120 Wall Street, Suite 2220
                      New York, New York  10005
                      (212) 269-7308

BY: _____
                      STEVEN MARTIN
                      SM: 5200

TO:

Baker, Leshko, Saline & Blosser, LLP
Attorneys for Plaintiff
One North Lexington Avenue
White Plains, New York  10601

Licare Corporation
d/b/a Vaccaro's Wine & Spirits
124 Midland Avenue
Port Chester, New York  10573

## CERTIFICATE OF SERVICE

I, hereby certify that on July 10, 2007 of a true and correct copy of:

ANSWER TO THE AMENDED COMPLAINT
WITH CROSS CLAIM

was served upon opposing counsel by depositing it in the United States mail in a properly addressed envelope with sufficient postage, addressed as follows:

TO:

Baker, Leshko, Saline & Blosser, LLP
One North Lexington Avenue
White Plains, New York  10601

Licare Corporation
d/b/a Vaccaro's Wine & Spirits
124 Midland Avenue
Port Chester, New York  10573

                  LEAHEY & JOHNSON, P.C.
                  Attorneys for Defendant(s)
                  SEAN G. JULIUS and
                  SHARON L. DAVIS
                  120 Wall Street, Suite 2220
                  New York, New York 10005
                  (212) 269-7308

BY: _____
                  STEVEN MARTIN
                  SM: 5200