UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JENNIFER LUNDGREN,

                        Plaintiff

-against-

SEAN G. JULIUS, SHARON L. DAVIS,
LICARE CORPORATION d/b/a
VACCARO'S WINE & SPIRITS, and
JOHN DOES 1-10,

                        Defendants.
------------------------------------------------------------x

07 Civ. 4534
JUDGE

DEFENDANTS DEMAND
TRIAL BY JURY

VERIFIED ANSWER TO
AMENDED COMPLAINT

      Defendant(s) LICARE CORPORATION d/.b/a VACCARO'S WINE & SPIRITS, answering the amended complaint of the plaintiff herein, allege(s) as follows:

### Answering "Parties"

FIRST:   Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs "1", "2", "3", "4", "5" and "7" of the plaintiff's amended complaint.

### Answering "Jurisdiction"

SECOND:   Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs "8", "9" and "10" of the plaintiff's complaint.

### Answering "Background"

THIRD: Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs "11", "12", "13", "14", "15", "16", "17", "18", "19" and "20" of the plaintiff's amended complaint.

### Answering a First Claim

FOURTH: Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs "21", "22", "23" and "24" of the plaintiff's amended complaint.

### Answering a Second Claim

FIFTH: As to paragraph designated "25" of the plaintiff's amended complaint, these answering defendants repeat and reiterate each and every denial contained in paragraphs FIRST through FOURTH of this answer with the same force and effect as if set forth more fully at length herein.

SIXTH: Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs "26", "27" and "28" of the plaintiff's amended complaint.

### Answering a Third Claim

SEVENTH: As to paragraph designated "29" of the plaintiff's amended complaint, these answering defendants repeat and reiterate each and every denial contained in paragraphs FIRST through SIXTH of this answer with the same force and effect as if set forth more fully at length herein.

EIGHTH: Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs "30", "31", "32", "33", "34" and "35" of the plaintiff's amended complaint.

### Answering a Fourth Claim

NINTH: As to paragraph designated "36" of the plaintiff's amended complaint, these answering defendants repeat and reiterate each and every denial contained in paragraphs FIRST through EIGHTH of this answer with the same force and effect as if set forth more fully at length herein.

TENTH: Deny upon information and belief each and every allegation contained in paragraphs "37", "39" and "40" of the plaintiff's amended complaint.

ELEVENTH: Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "38" of the plaintiff's amended complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

TWELFTH: If the answering defendant is found liable, such liability is less than or equal to 50% of the total liability of all persons who may be found liable and therefore this answering defendant's liability shall be limited to its equitable share pursuant to CPLR Article 1601.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

THIRTEENTH: The answering defendant(s) allege that the incident and all the injuries and damages resulting therefrom were caused in whole or in part by the culpable conduct of the plaintiff, including but not limited to the plaintiff(s)

contributory negligence and/or assumption of risk and the defendant(s) therefore request that this Court determine the proportionate share that such culpable conduct contributes in whole or in part to the incident and the damages claimed therefrom.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

FOURTEENTH:   That the complaint fails to state a cause of action against the answering defendants upon which relief may be granted.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

FIFTEENTH:   Plaintiff failed to **mitigate** her damages.

**AS AND FOR A CROSS COMPLAINT AGAINST THE DEFENDANT(S), SEAN G. JULIUS, SHARON L. DAVIS, and JOHN DOES 1-10, AND AS A BASIS FOR AN AFFIRMATIVE DEFENSE, THE DEFENDANT(S), LICARE CORPORATION d/b/a VACCARO'S WINE & SPIRITS, RESPECTFULLY ALLEGE:**

SIXTEENTH: If the plaintiff(s) were caused to sustain damages at the time and place set forth in plaintiff(s) complaint through any negligence, carelessness, recklessness and/or breach of warranty other than the plaintiff(s) own carelessness, recklessness and negligence, said damages were sustained by reason of the carelessness, recklessness and negligence and/or acts of omission or commission and/or breach of warranty and/or breach of contract by defendant(s) SEAN G. JULIUS, SHARON L. DAVIS and JOHN DOES 1-10, their agents, servants and/or employees, and if any judgment is recovered herein by the plaintiff against defendant(s) LICARE CORPORATION d/b/a VACCARO'S WINE & SPIRITS, they will be damaged thereby, and defendant(s) SEAN

G. JULIUS, SHARON L. DAVIS and JOHN DOES 1-10 are or will be responsible therefore in whole or in part.

SEVENTEENTH: By reason of the foregoing, defendant(s) SEAN G. JULIUS, SHARON L. DAVIS and JOHN DOES 1-10 will be liable to defendants, LICARE CORPORATION d/b/a VACCARO'S WINE & SPIRITS, in the event and in the full amount of a recovery herein by plaintiff(s) or alternatively, for that proportion thereof caused by the relative responsibility of defendant(s) SEAN G. JULIUS, SHARON L. DAVIS and JOHN DOES 1-10, and defendant(s) SEAN G. JULIUS, SHARON L. DAVIS and JOHN DOES 1-10 are bound to pay any and all expenses and attorneys fees and the costs and disbursements thereof.

WHEREFORE, defendant(s) LICARE CORPORATION d/b/a VACCARO'S WINE & SPIRITS, demand judgment dismissing the complaint herein as to these answering defendant(s), with costs and disbursements, and further demands that the ultimate rights of defendant(s) SEAN G. JULIUS, SHARON L. DAVIS and JOHN DOES 1-10 and LICARE CORPORATION d/b/a VACCARO'S WINE & SPIRITS, amongst themselves be determined in this action and that defendant(s) LICARE CORPORATION d/b/a VACCARO'S WINE & SPIRITS, have judgment over and against the defendant(s) SEAN G. JULIUS, SHARON L. DAVIS and JOHN DOES 1-10, for all or, alternatively, that portion of any verdict or judgment which may be obtained by plaintiff against defendant(s) LICARE CORPORATION d/b/a VACCARO'S WINE & SPIRITS, to the extent that the responsibility of defendant(s) SEAN G. JULIUS, SHARON L. DAVIS and JOHN DOES 1-10 contributed thereto, together with the costs and disbursements of this action.

Dated: White Plains, New York
July 25, 2007

                         _____
                         WILLIAM H. BAVE, JR. (0349)
                         Attorneys for defendant(s)
                         LICARE CORPORATION d/b/a
                         VACCARO'S WINE & SPIRITS
                         Two William Street
                         White Plains, New York 10601
                         (914) 686-9010

TO:     MITCHELL J. BAKER (MB-4339)
         BAKER, LESHKO, SALINE & BLOSSER, LLP
         Attorneys for Plaintiff
         One North Lexington Avenue
         White Plains, NewYork 10601
         (914) 681-9500

         STEVEN MARTIN (SM-5200)
         LEAHEY & JOHNSON, P.C.
         Attorneys for defendants
         SEAN G. JULIUS and SHARON L. DAVIS
         120 Wall Street, Suite 2220
         New York, New York 10005
         (212) 269-7308