UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
JENNIFER LUNDGREN,

                          Plaintiff,           07 Civ. 4534 (WP4)

   -against-                                       **PLAINTIFF'S RESPONSE TO**
SEAN G. JULIUS, SHARON L. DAVIS,        **INTERROGATORIES**
LICARE CORPORATION d/b/a
VACCARO'S WINE & SPIRITS, and
JOHN DOES 1-10,
                          Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

       Plaintiff Jennifer Lundgren, by her attorneys Baker, Leshko, Saline & Blosser, LLP, responding to the interrogatories of LICARE CORPORATION d/b/a VACCARO'S WINE & SPIRITS, states as follows:

       1.      The date and approximate time of day of the occurrence.

       Response:     The accident occurred at approximately 11:22 p.m. on June 28, 2005.

       2.      The precise place of the occurrence of the accident.

       Response:     The accident occurred on Olivia Street, Port Chester, New York approximately 100 feet of Prospect Street. The car was heading in a westerly direction.

       3.      The acts and/or omissions alleged to constitute the negligence of the defendant.

       Response:     Defendant LICARE CORPORATION d/b/a VACCARO'S WINE & SPIRITS sold Mr. Julius alcohol in violation of the Dram Shop Act.

       4.      Describe the nature, extent and location of the injuries sustained by plaintiff and specify which injuries, if any, are claimed to be permanent.

Response:    The injuries included, but were not limited to, a violent collision where Plaintiff's knee went into the front seat of the automobile with such force that her leg became detached from her hip. The permanent injury which the Plaintiff has suffered and will continue to suffer is deterioration to the subject leg, a limp, and she will require multiple hip replacement surgeries in the future.

5.    Total amounts claimed as special damages for: (a) physician' services and medical supplies; (b) hospital expenses; (c) nurses' services; (d) loss of earnings with name and address of employer; (e) household help; (f) any portion of medical expenses paid for by Medicare or Medicaid and, if so, what portions.

Response:    Plaintiff is uncertain of the exact amount of financial loss for the items listed and will provide the same to Defendants.

6.    Length of time plaintiff confined to (a) bed; (b) house; (c) hospital.

Response:    None

7.    Alleged usual vocation of plaintiff, customary earnings derived therefrom and length of disability to pursue vocation.

Response:    Plaintiff was employed as a Customer Service Representative by K & M Associates, 251 Mill Street, Greenwich, Connecticut 06830. Plaintiff's customary earnings were approximately $300 per week and was out of work from June 28, 2005 through

8.    Description of plaintiff's property damage by year, make, model and registration number.

Response:    None

9.    Each and every item of damage and cost of labor and parts to repair same and by whom said repairs were made.

10. Length of time, giving specific dates, between which plaintiff was necessarily deprived of the use of said vehicle and amount paid for rent or hire of another care to take its place.

Response:   None

11. Any other special damages claimed.

Response:   Plaintiff will provide the same.

12. Present residence address of plaintiff.

Response:   Plaintiff resides at 90 Bertolf Road, Riverside, Connecticut 06878.

13. Statements of the statutes, ordinances, rules and regulations claimed to have been violated by defendant.

Response:   VTL 1180(d), 1192(2) and (3). Dram Shop Act.

14. Present age and date of birth of each plaintiff.

Response:   Plaintiff was born April 30, 1981 and is presently 27 years old.

15. Describe and particularize the value of the services that plaintiff claims he or she was deprived of.

Response:   No Claim for loss of consortium is made.

16. All written reports of the accident prepared in the regular course of business operations or practices of every party you represent.

Response:   None

17. Each and every statement made or taken from each party represented by the undersigned, or the agents, servants or employees of said party, now in your possession, custody

or control, or in the possession, custody, or control of any party you represent in this action, if such statement in any manner bears on the issues in this action.

If no such statement is in your possession, custody or control, please so state in the reply to this demand.

Response:    Disclosed in Plaintiff's Rule 26 Disclosure.

18.    (a) All photographs under the control of said plaintiff(s) or the attorneys or representatives of plaintiff(s), showing the automobile of the plaintiff(s) following the accident alleged herein;

(b) All repair bills, estimates for damages claimed to have been sustained by the vehicle in the accident alleged herein;

(c) All photographs under the control of the plaintiff(s) or the attorneys or representatives of the plaintiff(s), showing the condition of the place of the accident as it existed following the accident alleged herein;

(d) All accident reports prepared or signed by the plaintiff(s), including MV-104 reports, relating to the accident alleged herein.

Response:    To the extent they are in our possession, they have been previously disclosed in Plaintiff's Rule 26 Disclosure.

19.    Copies of all the medical reports of those physicians who have previously treated or examined the plaintiff and who will testify on plaintiff(s) behalf. These shall include a detailed recital of the injuries and conditions as to which testimony will be offered at the trial, referring to and identifying those X-rays and technicians' reports which will be offered at the trial of this action.

<u>Response:</u>   To the extent they are in our possession, they have been previously disclosed in Plaintiff's Rule 26 Disclosure.

20. Duly executed and acknowledged written authorizations permitting all parties to obtain and make copies of all hospital records and such other records including X-rays and technicians' reports, as may be referred to and identified in the statement of the examined party's physicians.

<u>Response:</u>   See authorizations previously provided.

Dated: White Plains, New York
August 22, 2007

BAKER, LESHKO, SALINE & BLOSSER, LLP
*Attorneys for Plaintiff*

By: _____
Mitchell J. Baker (MB-4339)
One North Lexington Avenue
White Plains, New York 10601
914.681.9500

To:   William H. Bave, Jr. (0349)
Attorneys for defendant(s)
LICARE CORPORATION d/b/a
VACCARO'S WINE & SPIRITS
Two William Street
White Plains, New York 10601
914.686.9010