**BAKER, LESHKO, SALINE & BLOSSER, LLP**
*Attorneys for Plaintiffs*
**One North Lexington Avenue**
**White Plains, New York 10601**
**914.681.9500**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JENNIFER LUNDGREN,

                Plaintiff,            07 Civ. 4534 (WP4)

    -against-

SEAN G. JULIUS, SHARON L. DAVIS,
LICARE CORPORATION d/b/a
VACCARO'S WINE & SPIRITS, and
JOHN DOES 1-10,
                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PLAINTIFF JENNIFER LUNDGREN'S CONTENTION INTERROGATORIES
TO DEFENDANTS SEAN G. JULIUS and SHARON L. DAVIS**

S I R S:

      PLEASE TAKE NOTICE that plaintiff, JENNIFER LUNDGREN, by and through counsel, BAKER, LESHKO, SALINE & BLOSSER, LLP and pursuant to FRCP and the Local Rules for the Southern District of New York requests the defendants SEAN G. JULIUS and SHARON L. DAVIS respond to the following contention interrogatories in accordance therewith.

## INSTRUCTIONS AND DEFINITIONS

A. These interrogatories are continuing in character so as to require you to file supplemental answers if you, your attorneys, investigators, agents, employees, or other representatives obtain further or different information before trial.

B. Where the name or identity of a person is requested, please state the full name, home address, and business address, if known.

C. Unless otherwise indicated, these interrogatories refer to the time, places and circumstances of the occurrences mentioned or complained of in Plaintiff's complaint.

D. Where knowledge or information in possession of a party is requested, such request includes knowledge of a party's agents, representatives and, unless privileged, his/her attorneys.

E. "DOCUMENT" includes the original and any non-identical copy (whether different from the original because of notes made on such copy or otherwise) of all written, typed, printed, recorded, or graphic matter of every type and description, whether draft or final, however, and by whomever prepared, produced, reproduced, disseminated, or made, in any form, including, but not limited to, all writings, correspondence, e-mails, bulletins, instructions, charts, literature, work assignments, contracts, agreements, notes, notebooks, microfilm, photographs, tapes, pamphlets, data sheets, statistics, minutes of meetings, letters, memoranda, reports, transcripts of telephone conversations,

summaries, books, diaries, sound recordings, data compilations from which information can be obtained or can be translated through detection devices into reasonably usable form, and all other documentary material of any nature whatsoever, together with any attachments thereto or enclosures therewith.

      (I) Identify and generally describe each such document; and

      (II) State the basis upon which the privilege is claimed..

F.    "PERSON," means the plural as well as the singular and includes any natural person and any firm, corporation, association, joint venture, partnership or other entity.

G.    "IDENTIFY," means:

      (I)    when referring to a natural person or persons, state the full name, age, address of last known residence and principal place of business of each such person , and a description of their business affiliation and position during the period to which the interrogatory refers;

      (II)    when used with reference to a business organization or entity, state the full name of such organization or entity, the address of its principal place of business and a description of the nature of the business during the period to which the interrogatory refers;

      (III)    when used with reference to a document, state:

          (a)    the type of document, its date and the stated

subject matter or general subject matter;

    (b)    the full name, address, and position of the person in charge of preparing each such document and of the person who signed each such document;

    (c)    the date or dates of preparation thereof;

    (d)    the full name and position of each person to whom such written matter was distributed; and

(IV)    when used with reference to an oral discussion, conversation or communication, state the date upon which the discussion, conversation or communication occurred, the place where it occurred, identify each person who participated therein or who was present when it was made, state its substance and identify each document which, in whole or in part, refers to said oral, communication.

H.    Whenever an interrogatory asks for the identity of any document, you may, in lieu of identifying the document, produce the document for inspection and copying with an identification of the interrogatory to which the document responds.

I.    Where information is requested which is personal to, or within the sole knowledge of, one person, provide the information requested, and indicate which person the information is personal to, or within the sole knowledge of. If personal to more than one person, or within the knowledge of more than

one person, provide the answer requested, identifying the information pertaining to each such person, or to each such person's knowledge.

J.    "OR" and "AND" shall mean "AND/OR.'

K.    Singular shall refer to the plural and plural to the singular whenever applicable.

L.    "INCIDENT," as used hereinafter in these interrogatories shall refer to the facts alleging liability of the defendant as set forth in the Plaintiff's Complaint

M.    "YOU" or "YOUR" includes the Defendant.

N.    When the "LAW" is requested, please identify the specific law in question and its citation.

O.    Please note that your answers must address each sub-part of these contention interrogatories and must also respond to each sub-part of the affirmative defense questioned in such contention interrogatory.

**INTERROGATORY NO. 1:**

Please state:

    (a) The name and address of the person or persons answering these interrogatories;

    (b) His/her relationship to defendant; and,

    (c) His/her position of employment.

**ANSWER:**

**INTERROGATORY NO. 2:**

If you contend as set forth in your First Affirmative Defense that Article 50-B of the CPLR applies, please state the following:

1. The facts upon which you base such contention.

2. The law which supports your contention that such defense is a proper defense.

3. The manner in which you apply the facts to the law.

**ANSWER:**

**INTERROGATORY NO. 3:**

If you contend as set forth in your Second Affirmative Defense that plaintiff was comparatively negligent, please state the following:

1. The facts upon which you base such contention, including a specific identification of such parties.

2. The law which supports your contention that such defense is a proper defense.

3. The manner in which you apply the facts to the law.


**ANSWER:**

**INTERROGATORY NO. 4:**

If you contend as set forth in your Second Affirmative Defense that plaintiff assumed the risk, please state the following:

1. The facts upon which you base such contention.

2. The law which supports your contention that such defense is a proper defense.

3. The manner in which you apply the facts to the law.

**ANSWER:**

**INTERROGATORY NO. 5:**

If you contend as set forth in your Third Affirmative Defense that GOL 15-108 is applicable, please state the following:

    1.    The facts upon which you base such contention.

    2.    The law which supports your contention that such defense is a proper defense.

    3.    The manner in which you apply the facts to the law.

**ANSWER:**

**INTERROGATORY NO. 6:**

If you contend as set forth in your Sixth Affirmative Defense that plaintiff did not suffer a serious injury as set forth in Section 5102(d) of the Insurance Law, please state the following:

1. The facts upon which you base such contention.

2. The law which supports your contention that such defense is a proper defense.

3. The manner in which you apply the facts to the law.


**ANSWER:**

**INTERROGATORY NO. 7:**

If you contend as set forth in your Seventh Affirmative Defense that the acts alleged were those of others, please state the following:

1. The facts upon which you base such contention.

2. The law which supports your contention that such defense is a proper defense.

3. The manner in which you apply the facts to the law.

**ANSWER:**

**INTERROGATORY NO. 8:**

If you contend as set forth in your Eighth Affirmative Defense that plaintiff failed to mitigate her damages, please state the following:

1. The facts upon which you base such contention.

2. The law which supports your contention that such defense is a proper defense.

3. The manner in which you apply the facts to the law.

**ANSWER:**

**INTERROGATORY NO. 9:**

If you contend as set forth in your Ninth Affirmative Defense that the amount of any award should be reduced by the collateral source doctrine, please state the following:

1. The facts upon which you base such contention.

2. The law which supports your contention that such defense is a proper defense.

3. The manner in which you apply the facts to the law.

**ANSWER:**

**INTERROGATORY NO. 10:**

If you contend as set forth in your Tenth Affirmative Defense the applicability of CPLR Article 16, please state the following:

1. The facts upon which you base such contention including the specific administrative remedies he has failed to exhaust.

2. The law which supports your contention that such defense is a proper defense.

3. The manner in which you apply the facts to the law.

**ANSWER:**

Dated: White Plains, New York
       March 27, 2008

       Yours, etc.

       **BAKER, LESHKO, SALINE & BLOSSER, LLP**
       *Attorneys for Plaintiff*

       By: _____
        Mitchell J. Baker (MB-4339)
       **One North Lexington Avenue**
       **White Plains, New York 10601**
       914.681.9500